AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>Yaritza DUANY-LACASSE and<br>Manuel ROMO-CLAVELO<br><br>**Defendants.** | ) | Case No. 8:26-po-121(CBF) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of November 2, 2026 in the county of Franklin in the Northern District of New York the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1325(a)(1) | Entry into the United States at a place and time other than as authorized by immigration officers |

This criminal complaint is based on these facts:
See attached affidavit

☒ Continued on the attached sheet.

Amanda L. Harvey 11/2/2026 1540
*Complainant's signature*

Amanda L. Harvey, Supervisory Border Patrol Agent
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: November 3, 2026

Carla B. Freedman
*Judge's signature*

City and State: Syracuse, NY

Hon. Carla B. Freedman, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Amanda L. Harvey, hereby depose and state under penalty of perjury:

1. I am a United States Supervisory Border Patrol Agent ("SBPA") currently assigned to the Swanton Sector, Burke Station. I have been a BPA for 15 years and have been assigned to the Swanton Sector since March 2024. I successfully completed training at the United States Border Patrol Academy in 2011, where I received training on the smuggling and trafficking of people and drugs; detecting and tracking illegal entry into the U.S.; and conducting surveillance, traffic stops, interviews, and arrests. I have experience performing each of these duties as a BPA. This affidavit is based in part on information provided to me by others and from law enforcement and immigration databases. It does not set forth all of my knowledge about the investigation.

2. I submit this affidavit in support of a criminal complaint charging Yaritza DUANY-LACASSE and Manuel ROMO-CLAVELO with violating 8 U.S.C. § 1325(a)(1), which prohibits any alien, that is, any person who is not a citizen or national of the United States, from entering or attempting to enter the United States "at any time and place other than as designated by immigration officers."

## Probable Cause

3. On November 2, 2026, United States Border Patrol agents assigned to the Burke Border Patrol Station were conducting patrol duties in Chateaugay, New York. During their patrol, agents entered a local Dunkin' establishment and observed two individuals, later identified as Yaritza DUANY-LACASSE and Manuel ROMO-CLAVELO, seated in a booth. Both individuals were conversing in Spanish and did not appear to be local residents.

4. Agents were aware of a report received the previous evening concerning suspected aliens who had unlawfully entered the United States in the same general vicinity and remained unlocated. Based on this information, agents initiated a consensual encounter with the individuals.

5. Agents identified themselves as United States Border Patrol Agents and questioned DUANY-LACASSE and ROMO-CLAVELO regarding their nationality and citizenship. Both individuals stated that they were citizens and nationals of Cuba. Neither individual was able to produce documentation establishing lawful immigration status in the United States. Both individuals were subsequently transported to the Burke Border Patrol Station for further investigation and processing.

6. During processing, agents conducted immigration records checks and confirmed that DUANY-LACASSE and ROMO-CLAVELO were citizens and nationals of Cuba. Neither individual possessed documentation authorizing lawful entry into or presence in the United States. Neither individual claimed United States citizenship, and both indicated that their parents were not United States citizens or nationals. Further records checks found that both DUANY-LACASSE and ROMO-CLAVELO were both previously ordered removed from the United States.

7. Following advisement of *Miranda* rights, ROMO-CLAVELO participated in a post-*Miranda* interview. During the interview, ROMO-CLAVELO admitted to living in Quebec City, Canada with his wife, DUANY-LACASSE, and they decided to come to the United States because they believed life would be better. ROMO-CLAVELO explained that he and DUANY-LACASSE traveled from Canada to the United States three days ago. He explained that they left their White Mazda 3 car at the border in Canada, walked across the international border, and continued walking for three days. ROMO-CLAVELO admitted to knowing it was illegal to cross the border in the manner in which he and DUANY-LACASSE did.

**Conclusion**

8. Based on the foregoing, I respectfully request the Court issue the proposed complaint charging the defendants with improper entry by an alien, in violation of 8 U.S.C. § 1325(a)(1).

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

Amanda L. Harvey 11/2/26 1540

Agent Amanda L. Harvey
United States Border Patrol

I, the Honorable Carla B. Freedman, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by videoconference on November , 2026, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: November 3, 2026

Carla B. Freedman

Hon. Carla B. Freedman
United States Magistrate Judge